## NATHANIEL G. ELIOT *vs.* JOHN F. ELIOT.

A will which bears the genuine signatures of three competent subscribing witnesses, who
signed their names simply as "witness to signature," with nothing further, may be ad
mitted to probate, although neither of the two survivors of them recollects anything about
the circumstances under which it was executed.

If the due execution of a will is controverted, on appeal from a decree of the judge of pro-
bate, devisees named therein have a right to appear as parties to establish it, although an
administrator with the will annexed has been appointed and appears for the same pur
pose.

APPEAL from a decree of the judge of probate, allowing the probate of an instrument as the will of Andrew Eliot, dated May 9th, 1851.

The only objections raised were as to the mode of execution; and it was agreed that after the testator's death the will was found in the probate office, signed by the testator, and following his signature were these words: " Witness to signature, Lewis Lerow, Phins. Capen, Wm. H. Calrow." Capen died before the will was offered for probate, and the genuineness of his signature was admitted. Each of the other two witnesses testified that his signature was genuine; that he did not recollect the testator, or anything about the circumstances under which the will was executed ; but that he had no doubt that the testator signed it in his presence, or acknowledged to him his signature thereto.

The will was admitted to probate by the judge of probate on the 18th of January 1864, and on the same day, no executor being named therein, an administrator with the will annexed was appointed, and from the decree making this appointment no appeal was taken; and the administrator accordingly has appeared in this court to maintain the will. Afterwards a devisee named in the will applied to be admitted as a party to maintain the will, but *Gray,* J. refused the application, and reported the case for the determination of the whole court.

*A. C. Clark,* for the devisee.

*F. W. Palfrey,* for the appellee, cited *Tilden* v. *Tilden,* 13 Gray, 110, and cases cited; *Crittenden* v. *Rogers,* 8 Gray, 452; *Russell* v. *Coffin,* 8 Pick. 143; *Burgoyne* v. *Showler,* 1 Rob. Eccl. 5 10; *In re Leach,* 12 Jur. 381; 1 Greenl. Ev. § 38 *a.*

*W. S. Leland,* for the appellant, cited Jarman on Wills, 74 · Redfield on Wills, 238, 241; *Boldry* v. *Parris,* 2 Cush. 433.

DEWEY, J. The question of the sufficiency of the evidence in the present case to authorize the finding of a legal execution of the will by the testator, and a due attestation thereof by the subscribing witnesses, seems to be fully settled by our decision in the case of *Ela* v. *Edwards,* 16 Gray,    . All the points now taken in reference thereto were considered in that case, and

the will was sustained. In some respects the attestation by the witnesses in that case was open to greater objection, as the attestation clause was wholly wanting, whereas in the present case the names were written under the words " witness to signature." There, as in this case, one of the attesting witnesses was not present in court, and the inference of due and legal attestation was to be drawn from the proof of the handwriting of the witness, and other circumstances favoring the presumption that the requisites of the statute had been complied with. For the authorities sustaining such ruling, we refer to the opinion given in that case.

In arriving at the decision sustaining the present will, we have taken the facts and evidence as they appear in the agreed statement drawn up and assented to by the appellants on the one side, and the administrator with the will annexed, appointed by the judge of probate upon the allowance of the will, and before the appeal was taken, as the other party. The refusal to admit the devisee named in the will as a party to maintain it before the supreme court of probate on the appeal was erroneous. He was a party in interest, and his right to appear and support the will was not affected by any proceedings of the judge of probate. His interest continued until the will was established in the appellate court, and therefore he was entitled to be heard. But this ruling has become immaterial, inasmuch as upon the facts stated· and agreed by the other parties the will has been established.

The decree of the probate court admitting the instrument to probate as the will of Andrew Eliot is affirmed.